UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81011-ROSENBERG/REINHART

ELLIOT MORSE,

   Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

   Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendant, Home Depot U.S.A.'s Motion for Summary Judgment ("the Motion"), DE 50. Defendant included its Statement of Undisputed Material Facts ("Defendant's SOF") in the same filing. *See* DE 50, 2–3. Plaintiff, Elliot Morse, responded at DE 56, and included his Response to Defendant's Statement of Facts and Additional Facts ("Plaintiff's SOF") in the same filing. *See* DE 56, 2–5. Defendant replied at DE 62. The Court has considered the briefing, the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **DENIED**.

### I.  BACKGROUND [1]

Plaintiff filed this case in state court in June 2018. *See* DE 1-1; DE 1-2. The case was removed to this Court and assigned to the undersigned in July 2018 based on diversity jurisdiction. *See* DE 1. In his Complaint, Plaintiff alleges that he visited Defendant's store located at 15050 Jog Road, Delray Beach, on or about December 2, 2016. Compl., DE 1-1, ¶ 3. While at the store, Plaintiff fell and suffered injuries. *Id.* ¶ 9–10. Plaintiff alleges he fell,

---

[1] The facts included in this section are derived from Plaintiff's Complaint, filed as an exhibit to the Notice of Removal at DE 1-1.

because Defendant "negligently failed to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises by allowing Christmas lights and/or electrical wires to be and to remain on the floor of its premises." *Id.* ¶ 7.

## II.     SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

### III.     FACTS

Plaintiff and his wife visited Defendant's store in December 2016 to purchase a door bell. Def. SOF, ¶ 1, DE 50; Pl. Dep. 44:2, DE 50-2. Plaintiff visited Defendant's store during the holiday season, and "noticed the lit up Christmas trees when he walked in." Def. SOF ¶ 5, DE 50. He had also been to the same store in past, during the holiday season. *Id.* ¶ 4. Upon entering the store, he walked straight ahead, *id.* ¶ 5, because he knew where he was going in the store to find the door bells, Pl. Dep. 45:1–7, DE 50-2.

Plaintiff then tripped and fell. Def. SOF ¶ 8–11, DE 50. Plaintiff and Defendant disagree in their characterizations of how Plaintiff fell. *Compare* Def. SOF ¶ 8–9, 13, DE 50 (Plaintiff "felt his left leg be lassoed" and was "a foot and a half away from the Christmas tree when he got tangled in wires.") *with* Pl. SOF ¶ 8–9, 13, DE 56 ("The Christmas tree wires were on the floor, tangled by Mr. Morse's toes.").

It is undisputed that after his fall, Plaintiff observed that his foot was tangled in Christmas tree lights that were "lit up and the lights were on." Def. SOF ¶ 11, DE 50.

### IV.     DISCUSSION

As a federal court sitting in diversity jurisdiction over this state law negligence action, the Court must apply Florida law to evaluate Defendant's Motion. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Florida law requires a plaintiff to prove: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the defendant's breach was the cause of plaintiff's injuries, and (4) that the plaintiff suffered damages arising from the breach. *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 725 (11th Cir. 2014) (citing *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087 (Fla. Dist. Ct. App. 2011)).

A. Defendant's Duties to Plaintiff

Defendant's first argument is that Plaintiff has not established the prima facie case for negligence. As to a business owner's duty to a patron, "a business owner owes two 'separate and distinct' duties to business invitees: '1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises in a reasonably safe condition.'" *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1131 (Fla. Dist. Ct. App. 2017) (quoting *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011)). However, "in some cases, a property owner may in fact comply with both duties when an open and obvious condition does not trigger a duty to warn and the condition itself does not violate a property owner's duty to maintain the premises in a reasonably safe condition." *Id.*

> [S]ome conditions are so obvious and *not inherently dangerous* that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to the failure to maintain the premises in a reasonably safe condition. Other conditions are dangerous, but are *so open and obvious that an invitee may be reasonably expected to discover them and to protect himself.*

*Brookie*, 213 So. 3d at 1132 (emphasis in original) (quoting *Dampier v. Morgan Tire & Auto, LLC.*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012).

"[A] landowner is not responsible for preventing any and all injuries to his invitees, even when caused by conditions on the property, because 'some injury-causing conditions are so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions.'" *Arnoul v. Busch Entertainment Corp.*, No. 8:07-cv-14290-T-24-TGW, 2008 WL 4525106 at *2 (M.D. Fla. Oct. 6, 2008) ((quoting *Taylor v. Universal City Prop. Mgmt.*, 779 So.

4

2d 621, 622 (Fla. 5th DCA 2001). "[T]he law allows landowners to presume that invitees will use their senses in navigating their environs." *Id.*

Here, Plaintiff tripped and fell on lit Christmas tree lights at Home Depot. *See* Def. SOF ¶ 7, DE 50. The obstacle presented by the illuminated lights was "glaringly open and obvious." *See Taylor v. Univ. City Prop. Mgmt.*, 779 So. 2d 621, 622 (Fla. 5th DCA 2001). Thus, Defendant had no duty to warn invitees of the potential harm.

However, the conclusion that the glowing Christmas lights were open and obvious "does not discharge" the landowner's "duty to maintain its property in a safe condition." *De Cruz-Haymer v. Festival Food Market, Inc.*, 117 So. 3d 885, 887 (Fla. 4th DCA 2013). Here, Defendant has not foreclosed the possibility that the Christmas tree lights posed a hazard that Defendant should have prevented through routine maintenance of its premises. It is undisputed that Plaintiff had not touched the Christmas tree itself and that his foot was not under the Christmas tree when he fell. Def. SOF ¶ 10, DE 50. This leaves open a question of fact regarding the location of the wires, and the Court cannot conclude that the condition of the lights was not inherently dangerous. *See Brookie*, 213 So. 3d at 1132. The store manager further acknowledged that a "tripping hazard" or "debris in the aisle" would be a "safety hazard." Pl. SOF ¶ 21, DE 56.

To compare just two of the cases the parties here each cite, this case is more similar to *De Cruz* (cited by Plaintiff), where a patron tripped over a rumpled floor mat, than *Arnoul v. Busch Entertainment Corp.* (cited by Defendant), where a patron walked into a tree branch. *Compare* 117 So. 3d 885 (Fla. 4th DCA 2013) *with* Case No. 8:07-1490-T-24-TGW, 2008 WL 4525106 (M.D.Fla. Oct. 6, 2008). In *Arnoul*, the "hazard" was a tree branch "extending approximately five and a half feet above the ground, stretched over a busy pedestrian sidewalk." *Arnoul*, 2008

WL 4525106 at *3. The *Arnoul* court concluded that the "law allows landowners to maintain, within reason, natural and visible diversity and to trust that invitees use their common sense to avoid obvious potential injury-by not walking into trees, for example." *Id.*  The court found the landowner had no liability for the tree branch related injuries. *Id.* In contrast, in *De Cruz*, where a patron's foot got "hooked" on a floormat, the court did find a question of fact regarding the business owner's maintenance of the property. *De Cruz*, 117 So. 3d at 887. In that case, there was "an issue of material fact regarding whether [the Defendant] should have expected that invitees were likely to trip over a rumpled mat despite the fact that the mat's existence and condition was open and obvious." *Id.*  at 889. Here, the Christmas tree lights were not the naturally occurring, nearly eye-level, and blatantly obvious tree branch that Plaintiff walked into in *Arnoul*. The lights could have posed a trip hazard, depending on circumstances such as how many wires there were, how far they extended into the aisle, how much space there remained in the aisle to navigate around the Christmas tree displays, and other factors. Like the doormat in *De Cruz*, the wires *could* pose a hazard that Defendant should have expected. There is a question of material fact regarding whether Home Depot should have expected their patrons to trip on Christmas lights that were laying on the floor. Therefore, the Court cannot grant summary judgment for Defendant on this first argument.

    B. <u>Defendant's Notice of the Alleged Defective Condition</u>

Defendant also argues that pursuant to Fla. Stat. §768.0755, it is not liable to Plaintiff because Defendant did not have knowledge of the alleged defective condition. Under the statute, entitled "Premises liability for transitory foreign substances in a business establishment," "[i]f a person slips and falls on a transitory substance in a business establishment, the injured person

must prove that the business establishment had *actual or constructive knowledge of the dangerous condition* and should have taken action to remedy it." Fla. Stat. § 768.0755(1) (emphasis added). Absent evidence of actual knowledge, "[c]onstructive knowledge may be proven by circumstantial evidence showing that. . . [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition." *Id.* Even if illuminated Christmas lights count as "foreign transitory substance[s]," the Court is not convinced that there is no genuine question of material fact regarding Defendant's knowledge of the alleged defective condition.

In *Kertz*, which Defendant cites to support its claim that §768.0755 applies to trip and fall cases (*see* Def. Reply, DE 62, 7), the court found that the record was inadequate to conclude that Defendant did not have constructive knowledge of the defective condition. *Kertz v. United States*, Case No. 2:12-cv-22-FtM-29SPC, 2013 WL 12119566 (M.D.Fla. Apr. 15, 2013). There, the parties disputed the adequacy of the defendant post office's inspection protocols and whether the protocols had in fact been in place the day of the plaintiff's injuries. *Id.*at *2–3. The court concluded that "there are genuine issues of disputed material facts which preclude a finding that the post office exercised ordinary care through an inspection procedure and therefore lacked constructive knowledge." *Id.* at *4.

Here too, the Court is not persuaded that, as a matter of law, Defendant's inspection at 9:00 am the morning of the accident is sufficient to establish that Defendant did not have constructive knowledge of the alleged defective condition. *See* Pl. SOF ¶ 14, DE 56. Although Plaintiff was not sure how long the wires had been on the ground, he testified at his deposition that they appeared to have been run over by shopping carts, indicating that the wires had been on

7

the floor for some time. *See* Pl. SOF ¶¶ 13, 27, DE 56. This testimony creates a question of material fact regarding whether Defendant should have known, and therefore had constructive knowledge of, the existence of the wires on the floor based on the length of time they may have been on the floor. Accordingly, summary judgment cannot be granted. *See Goheagan v. Am. Vehicle Ins. Co.*, 107 So. 3d 433, 438 (Fla. 4th DCA 2013) ("If material facts are at issue and the slightest doubt exists, summary judgment must be reversed.").

### V.   CONCLUSION

Based on the foregoing, the Court cannot conclude that there are no genuine issues of material fact in this case, precluding summary judgment for Defendant. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motion for Summary Judgment [DE 50] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of March, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record